Filed 1/7/22  In re C.T. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re C.T., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E078002 |
| Plaintiff and Respondent; | (Super.Ct.No. J287087) |
| v. | OPINION |
| C.T., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Reversed.

Michelle L. Jarvis, under appointment by the Court of Appeal, for Defendant and Appellant.

Michelle Blakemore and Tom Bunton, County Counsel and Richard Van Frank, Deputy County Counsel for Plaintiff and Respondent.

1

C.T. (father) appeals the order of the San Bernardino juvenile court made pursuant to section 366.26 of the Welfare and Institutions Code terminating parental rights as to his son, C.T., Jr. (the child).[1]

Respondent San Bernardino County's Department of Children and Family Services (the Department) and father have submitted a joint application and stipulation asking this court to order a limited reversal of the terminating order. They request we remand the matter with instructions to the juvenile court and the Department to comply with the inquiry requirements of the Indian Child Welfare Act (ICWA) and California's ICWA-implementing statutes and rules applicable to juvenile dependency proceedings. (25 U.S.C. §§ 1901, et seq.; Welf. & Inst. Code, §§ 224.2, 224.3; rule 5.481.) After our own careful review of the entire record, we find the court and the Department did fail to comply with the inquiry requirements, and we conditionally reverse the order terminating parental rights and remand with directions for compliance with the federal and state ICWA inquiry and notice provisions.

## ICWA Facts

At the time the child was taken into protective custody by the Department just days after his birth, his homeless parents indicated they did not have Indian ancestry.

When the parents came to the court for the detention hearing, the court apparently had each of them complete a Parental Notification of Indian Status ICWA-020 inquiry form as required by rule 5.481(a)(2)(C). Each parent also completed the Department's

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted, and references to rules are to California Rules of Court.

Family Find and ICWA Inquiry form. On her forms, mother said she had no Indian ancestry as far as she knows, but father indicated on his that he might have Indian ancestry in an unknown tribe.

Both parents left the court before the detention hearing commenced. The court acknowledged father's ICWA-020 form indicated his claim of possible Indian ancestry and said it would pursue the issue when the parents were present.

In a report prepared in anticipation of the November 2020 hearing on jurisdiction and disposition, the Department's social worker said she was unable to interview the parents to obtain Indian ancestry information because they did not return any of her calls. The worker also reported ICWA did not apply to the proceedings, noting incorrectly that both parents had denied Indian ancestry at the detention hearing.

The parents did not appear at the hearing. The court found the child came within subdivision (b) of section 300, adjudged him a dependent of the court, and ordered his removal from the parents with provision of family reunification services. It also found the child does not come under the provisions of ICWA. There is no mention of any further ICWA inquiry in the record following the no-ICWA finding.

Over the next six months, the parents did not engage in reunification services or consistently attend supervised visits with the child. The social worker recommended the court terminate family reunification services and set the matter for a permanent plan selection hearing pursuant to section 366.26 at the six-month review hearing set for May 18, 2021.

On May 14, 2021, just four days before the review hearing, the social worker informed the court in a Department 6.7 report that a paternal uncle had contacted her to say he would be starting the process to become a certified placement home so the child could be placed in his care. She revealed the uncle had first come forward on January 6, 2021. There is nothing in the record that suggests the Department ever asked him about the paternal family's possible Indian ancestry.

The parents did not attend the review hearing. The court acknowledged receipt of the six-month and 6.7 reports, and proceeded to terminate family reunification services and set the matter for a section 366.26 permanent plan selection hearing. The only mention of the paternal uncle during the hearing was a reference to the March 2021 denial of his request to be an emergency placement for the child.

The Department's report prepared for the 366.26 hearing repeated the incorrect statement made in its jurisdiction/disposition report that the parents denied Indian ancestry at the detention hearing. It also stated they had not completed the Family Find and ICWA Inquiry forms, which is also incorrect. The report contained details of a social worker's July 2021 interview of the paternal uncle and the Department's reasons he was not considered a suitable placement for the child. There is no indication the social worker asked the uncle about possible Indian ancestry in the family or requested family biographical information.

The parents made their first appearance in the juvenile court on September 15, 2021 at a hearing intended to establish they had notice of the section 366.26 hearing. Because it was the parents' first appearance, the court was required by subdivision (c) of

4

section 224.2 to ask them if they knew or had reason to know the child is an Indian child. It did not do so.

The parents were present at the November 1, 2021 permanent plan selection hearing. The court terminated their parental rights and ordered adoption as the child's permanent plan. Father appealed.

## Stipulation

In their stipulation, the parties agree a limited reversal and remand of the order terminating father's parental rights is called for because the juvenile court and the Department failed to comply with the ICWA inquiry requirements imposed by ICWA (25 U.S.C. §§ 1901, et seq.) and California's corresponding statutes and rules (§§ 224.2, 224.3; rule 5.481.)

Code of Civil Procedure section 128, subdivision (a)(8) authorizes appellate courts to reverse a judgment based upon a stipulation of the parties only if (i) there is no reasonable possibility that reversal would adversely affect the interests of nonparties or the public, and (ii) the reasons for requesting the reversal outweigh both the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Those conditions are met here.

The nonparties in this case who are potentially directly affected by the appeal and its outcome are the prospective adoptive parents who presumably have an interest in finalizing the order terminating the rights of the biological parents. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 (*Rashad H.*).) A stipulated reversal materially advances

5

the pace of the appeal process by eliminating the time consumed by briefing, oral argument, preparation of an opinion, and waiting for the decision to become final before the issuance of the remittitur. (*Ibid.*) Similarly, the interest of the public in swift resolution of pending appeals is advanced by a stipulated reversal. (*Id.,* at pp. 380-381.)

The early recognition by the parties' counsel of an ICWA error and their taking appropriate action to expedite resolution of the appeal and correction of the error advances the public trust in the legal profession and the judiciary. (*Rashad H., supra,* 78 Cal.App.4th at p. 381.) And, permitting a stipulated reversal here does not reduce any incentive for pretrial settlement because the parties have agreed to a limited reversal for compliance with the mandatory ICWA inquiry provisions in a matter that does not lend itself to pretrial resolutions. (*Ibid.*)

The juvenile court and the Department have an affirmative and continuing duty to inquire about a child's status as an Indian child. (§ 224.2, subd. (a); *In re T.G.* (2020) 58 Cal.App.5th 275, 290 (*T.G.*).) In view of the parties' agreement that the juvenile court and the Department failed to comply with that duty, and our conclusion after careful review of the entire record that the court and the Department did not make the ICWA inquiries as required by federal and state law, a limited reversal of an order terminating parental rights is appropriate. (*T.G., supra,* 58 Cal.App.5th at p. 292.)

The purpose of termination of parental rights is to free a child for adoption. (Rule 5.725(a).) Because the reinstatement of father's parental rights precludes the child's adoption at this time, the reinstatement of mother's parental rights pending resolution of

the ICWA inquiry issue is in the child's best interests.  (*In re Mary G.* (2007) 151 Cal.App.4th 184, 208.)

## Disposition

The order terminating the rights of the child's parents is conditionally reversed and the matter is remanded to the juvenile court with directions to reappoint counsel for the parents and to comply with the inquiry and notice provisions of ICWA, sections 224.2 and 224.3, and California Rules of Court.  The court is to direct the Department to comply with those provisions by fully investigating the child's paternal lineal ancestry and to give notice as required.

If inquiry by the court or the Department does not result in information that triggers the requirement to give notice to a tribe and the Bureau of Indian Affairs (BIA) as set forth in sections 224.2 and 224.3, the juvenile court is to reinstate forthwith the order terminating parental rights.

If inquiry does result in information that triggers notice to a tribe and the BIA, and those entities do not respond, or the Department receives responses that the child is not an Indian child, the juvenile court must immediately reinstate the order terminating parental rights.  If, however, any tribe or the BIA determines the child is an Indian child, the juvenile court must conduct a new section 366.26 permanent plan selection hearing in accordance with ICWA and California's applicable ICWA-implementing statutes and rules.

The clerk of this court is directed to issue the remittitur immediately.  (Rule 8.272(c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

8